## AS TO LIEN ON REALTY FOR DOW TAX.

Common Pleas Court of Hamilton County.

### CAROLINE M. HULBERT ET AL V. CHARLES E. ROTH, COUNTY TREASURER.

Decided, March, 1911.

*Regulation of Liquor Traffic by Taxation—Lien Under the Dow Law Against Premises Where Intoxicating Liquors are Sold—Defense by Property Owner Where the Sales Were Surreptitious—No Presumption Raised by the Testimony of Criminals and Moral Degenerates, When—Section 6072.*

1. A property owner who was not a party to the sale of intoxicating liquors on his premises may take issue as to the fact of sales having been made thereon, where it is sought to enforce the lien for the Dow tax against the property on account of such sales.
2. No lien is created on the property unless the "business of trafficking in spirituous liquors" has been conducted on the premises; and evidence which would be sufficient to establish such traffic against those making the sales may not be sufficient to establish the fact against the owner of the property, even though actual or constructive knowledge of such sales by the owner is not necessary to support the lien.
3. While the statute may make competent the testimony of accomplices in crime, or of self convicted moral degenerates who induce the

commission by another of an unlawful act, for the purpose of creating evidence as to such act, such testimony raises no presumption against a property owner as to sales of intoxicating liquor by others on his premises, although if supported by corroborative circumstances it may create a presumption against the persons who made the sales.

*DeCamp & Sutphin,* for plaintiff.
*Hunt, Bettman & Merrell,* contra.

HUNT, J.

In the regulation of the liquor traffic, the state in the absence of power to regulate by license has availed itself of its right to tax the traffic. The right of the state in the exercise of its sovereign power to tax is restricted and regulated only by the Constitution. Within the constitutional limitations the remedy for any abuse in taxation is political and not judicial. In the exercise of police power such traffic may be further regulated in accordance with the varying necessities of the public welfare. The extent of such power is only measured by the necessity of such regulation, in the determination of which the Legislature in all cases is not only the primary judge, but also the only judge, except possibly in cases of gross and flagrant abuse of such power. The object of taxation is revenue, but there is no constitutional objection to the incidental use of the taxing power not only for such purpose, but incidentally for otherwise promoting the general welfare.

In so far as taxes upon property are to be levied, the Constitution provides that: "Laws shall be passed taxing by uniform rule all moneys," etc., "also all real and personal property according to its true value."

There is no provision for taxing property according to the use made of such property, although a tax upon such use might be levied and such tax made a lien upon the property of the user without controverting any constitutional provision; but when the property of another in no sense a party to such use is made liable for such taxes, the inapplicability of the constitutional requirement that taxation upon property shall be uniform and according to its true value and the constitutional prohibition

as to taking private property without compensation, is not so apparent.

Although property rights existed prior to the existence of the state, it is true that property is now held or acquired subject to the laws of the state. Nevertheless there are constitutional limitations as to such laws.

For instance, what would be said of a law which provided that no property could be held or acquired except subject to the right of the state to take it without compensation. The limitation of the operation of ordinary principles and rules of law is reached when such operation conflicts with constitutional provisions, even when applied to liquor legislation, which may almost be regarded as *sui generis* in judicial and legislative interpretation.

Conceding, however, for the purposes of this case as we should if possible, that the statutory provisions as to a lien upon the property of the plaintiff are constitutional, such lien is not created unless the "business of trafficking in spirituous," etc., liquors is being conducted upon plaintiff's property. As to whether this is a fact the plaintiff is entitled to invoke a judicial inquiry under his right to "due process of law." That sales may have been made upon the property or that such sales as to the persons making them may be sufficient to establish as a fact the carrying on of the business of trafficking in spirituous, etc., liquors, does not preclude the plaintiff, who was not a party to such sales, from taking issue as to such fact.

Each of the two witnesses offered by the defendant testified that on a different day, at the request of the witness, bottled beer was supplied by plaintiff's tenant, paid for by such witness and there given by him to his prostitute companion, taken there by him for immoral purposes.

The plaintiffs offer evidence tending to establish that no business of trafficking in such liquors was conducted upon the premises.

The statute may make competent the testimony of accomplices in crime or self convicted moral degenerates who induce the commission by another of an unlawful act, or an act seriously detrimental to otherwise innocent parties, and may encourage such evidence by granting immunity or other rewards therefor,

but can not give such evidence credibility, and the more encouragement the statute holds out to the giving of such evidence, the less its credibility. Such evidence if supported by corroborative circumstances, may be sufficient to raise a presumption against parties to an alleged unlawful act, which presumption in the absence of an explanation by them, would be sufficient to establish the fact, but can raise no presumption against persons not parties thereto.

The rule that one or several sales of liquors raises a presumption that a business was being conducted requiring explanation from the party making such sales, has therefore no application to persons in no manner parties to such sales, except that their property is sought to be charged with a lien for the payment of a tax chargeable only on property where the business of trafficking in such liquors is conducted, and the fact that the identical evidence offered in this case was sufficient to establish as against parties making the sales, the fact that such business was being conducted does not make such evidence sufficient to establish such fact against the owners of the property, even though actual constructive knowledge of such sales by the owner be not necessary to support such lien.

The injunction prayed for in the petition is therefore granted.